# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

                Plaintiff,

v.

ERNEST CLARK,

                Defendant.

Case No. 11-CR-30-JPS

ORDER

On December 28, 2011, United States Magistrate Judge Patricia J. Gorence issued a decision and order in the above-captioned matter, calculating the Speedy Trial Act date of the defendant, Ernest Clark ("Clark"), as March 13, 2012. On that same day, the Magistrate issued a recommendation that this court deny defendant's motion to dismiss the indictment based on alleged violations of Fed.R.Crim.P. 48(b) and the Sixth Amendment.[1] Clark has filed a response to the Magistrate's findings regarding his trial date.

A review of the record of this case in conjunction with the Speedy Trial Act reveals that a March 13, 2012 Speedy Trial Date is accurate. Clark was arraigned on February 25, 2011. The Speedy Trial Act clock ran for five days from his arraignment until March 2, 2011, the date defendant Griffin filed a motion to declare the case complex. Pretrial motions remained

---

[1] Defendant orally moved to dismiss the indictment pursuant to Fed.R.Crim.P. 48(b) and the Sixth Amendment at a December 23, 2011 hearing on the government's motion to set a trial date. The Magistrate denied defendant's motions in an oral order (*See* Minute Entry) (Docket #130), but has also embodied that order in her written recommendation to this court. (*See* Docket #137).

pending until December 13, 2011, and thus, that is the earliest date the speedy trial period could have begun to run again. However, also at play is the court's June 27, 2011, order designating the case complex and excluding all time between the June 27, 2011 scheduling conference and a proposed January 2012 trial date. Therefore, if the speedy trial period were to begin to run again, it would start on January 9, 2012, the date counsel indicated it wanted as a trial date at the June 27, 2011 scheduling conference. Sixty-five days from January 9, 2012, is March 13, 2012. Thus, a trial date in mid-to-late February would be consistent with the Speedy Trial Act and it would give Clark time to retain an expert to review the data employed by the Wisconsin State Crime lab and allow for counsel for the government and defendant to prepare for trial.

The court notes that the January 9, 2012 trial date did not apply to Clark at all times. Though it was a proposed trial date back in June of 2011 when the Magistrate granted a continuance for pretrial preparation, it ceased to be Clark's purported trial date as events unfolded. Specifically, once defendant Clark was granted permission to proceed *pro se* and to file additional pretrial motions, the January 9, 2012 trial date became less tenable. Indeed on September 15, 2011, Clark's co-defendant, Eric Griffin's ("Griffin"), motion for severance was granted. Subsequently, this court issued a Trial Scheduling Order for defendant Griffin only, with a date of January 9, 2012. Thus, the January 9, 2012 trial date never truly "belonged" to Clark, as he would have this court find. Accordingly, based on a *de novo* review, the court will adopt the Magistrate's recommendation in its entirety.

Accordingly,

IT IS ORDERED that the magistrate's order calculating the Speedy Trial Date as to defendant Clark as March 13, 2012, be and the same shall hereby be AFFIRMED.

IT IS FURTHER ORDERED that the December 28, 2011 recommendation and order of Magistrate Gorence (Docket #137) that defendant's motion to dismiss the indictment based on alleged violations of Fed.R.Crim.P. 48 (b) and the Sixth Amendment be denied be and the same is hereby ADOPTED; and

IT IS FURTHER ORDERED that defendant's motion to dismiss the indictment based on alleged violations of Fed.R.Crim.P. 48(b) and the Sixth Amendment be and the same are hereby DENIED.

Dated at Milwaukee, Wisconsin, this 4th day of January, 2012.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge